UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ENSCO OFFSHORE, LLC                                    CIVIL ACTION

VERSUS                                                 NO. 24-371

CANTIUM, LLC                                           SECTION M (4)

## ORDER & REASONS

Before the Court is a motion by plaintiff Ensco Offshore, LLC ("Ensco") to strike the jury demand of defendant Cantium, LLC ("Cantium").[1] Cantium responds in opposition,[2] and Ensco replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion.

### I. BACKGROUND

This case involves competing breach-of-contract claims. In May 2022, Ensco, a drilling contractor, entered into a master services contract ("MSC") with Cantium, an operator of offshore oil-and-gas platforms.[4] The parties subsequently entered into one or more service orders to complete certain drilling activities on one of Ensco's rigs.[5] On February 9, 2024, Ensco filed suit against Cantium, alleging that Cantium is liable for certain unpaid and overdue invoices pursuant to the MSC and service order, and asserting claims for breach of contract, quantum meruit, and promissory estoppel.[6] In the complaint, Ensco alleges that the Court has federal-question jurisdiction over this matter pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), 43

---

[1] R. Doc. 18.
[2] R. Doc. 21.
[3] R. Doc. 22.
[4] *See* R. Docs. 1 at 2-3; 14 at 13.
[5] R. Docs. 1 at 3; 14 at 13-14.
[6] R. Doc. 1 at 4-6.

U.S.C. §§ 1331 *et seq.*, and admiralty jurisdiction under the general maritime law, *see* 28 U.S.C. § 1333.  The complaint does not contain a demand for a jury trial, but it also does not expressly state that Ensco elected to pursue its claims under the Court's admiralty jurisdiction pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

On February 23, Cantium filed its answer and counterclaim, alleging that Ensco is liable for breaching the MSC by failing to provide adequate equipment, failing to deliver and maintain Ensco's rig in working order, failing to provide qualified personnel, failing to provide competent management and proper financial support, and failing to perform drilling operations in a workmanlike manner.[7]  Cantium included a jury demand in its answer and counterclaim.[8]

On March 15, Ensco answered Cantium's counterclaim.[9]  Later that same day, Ensco filed an amended complaint to include a Rule 9(h) election[10] and then filed the instant motion to strike Cantium's jury demand.[11]

## II.     PENDING MOTION

In the motion, Ensco argues that its claims fall under the Court's admiralty jurisdiction, so Cantium has no right to a jury trial.[12]  Ensco further contends that Cantium's invocation of diversity jurisdiction and OCSLA jurisdiction in its counterclaim does not create a right to a jury trial.[13]

In opposition, Cantium argues that Ensco pleaded alternative grounds for jurisdiction – general maritime law or OCSLA – and, by doing so, Ensco was required to include a Rule 9(h)

---

[7] R. Doc. 14 at 22-25.
[8] *Id.* at 25.
[9] R. Doc. 16.
[10] R. Doc. 17.  Because the amended complaint was filed after Cantium filed its answer and counterclaim with jury demand, its Rule 9(h) election is irrelevant and only the original complaint will be examined for purposes of the instant motion.
[11] R. Doc. 18.
[12] *Id.* at 2-3.
[13] *Id.* at 3-4.

2

election in its complaint if it wished to designate its claims as admiralty claims for the purposes allowed, including the right to a jury trial.[14] Cantium primarily relies on *LeBlanc v. Panther Helicopters, Inc*, 2015 WL 350285 (E.D. La. Jan. 26, 2015), for support. Consequently, says Cantium, since Ensco had not expressly designated its claims as admiralty claims at the time Cantium asserted its jury demand, the demand was properly made under Rule 38 and could only be revoked by complying with Rule 39.[15]

In reply, Ensco argues that it properly designated its case as a maritime case because it primarily relied on general maritime law as a basis for jurisdiction and did not demand a jury trial, thereby indicating that it intended to pursue its suit in admiralty.[16] Even if the complaint failed to sufficiently plead admiralty jurisdiction, insists Ensco, the claims involve a maritime contract, so maritime law applies "of its own force."[17] Ensco then attempts to distinguish *LeBlanc*, stating that *LeBlanc* did not involve a maritime contract but a personal injury, and the *LeBlanc* plaintiffs "made *affirmative claims* under OCSLA – rather than merely asserting OCSLA as an alternative basis for jurisdiction."[18] Ensco also contends that *LeBlanc* is contrary to Fifth Circuit case law.[19]

### III.  LAW & ANALYSIS

"Pursuant to Federal Rule of Civil Procedure 9(h), a plaintiff whose claims are cognizable within the [c]ourt's admiralty jurisdiction 'and also within the court's subject-matter jurisdiction on some other ground' may choose to proceed on the admiralty side of the [c]ourt." *LeBlanc*, 2015 WL 350285, at *5 (quoting Fed. R. Civ. P. 9(h)). Rule 9(h) provides in relevant part:

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may

---

[14] R. Doc. 21 at 1-2, 4-8.
[15] *Id.* at 8.
[16] R. Doc. 22 at 1-2.
[17] *Id.* at 2.
[18] *Id.* at 4-6 (emphasis in original).
[19] *Id.* at 4-5 (citing *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1216 (5th Cir. 1986)).

3

>  designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

Fed. R. Civ. P. 9(h)(1). Thus, to proceed on the admiralty side of the court, a plaintiff may choose to include a statement in the complaint designating the claim as an admiralty or maritime claim, but an express Rule 9(h) election – although preferable – is not required so long as the complaint includes a simple statement identifying the claim as an admiralty or maritime claim. *See id.*; *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 586-87 (5th Cir. 1983); *Ortega Garcia v. United States*, 586 F.3d 513, 522-23 (5th Cir. 2021). When a complaint does not expressly cite Rule 9(h), courts "look to the 'totality of the circumstances' to determine if [the plaintiff] made the required 'simple statement' to 'properly invoke the district court's admiralty jurisdiction.'" *Poincon v. Offshore Marine Contractors, Inc.*, 9 F.4th 289, 294 (5th Cir. 2021) (quoting *Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989)). A Rule 9(h) designation is not necessary when a claim is cognizable only in admiralty. *See* Fed. R. Civ. P. 9(h)(1).

Choosing to proceed "on the admiralty side" means that the case will proceed according to the court's admiralty jurisdiction, and certain procedural rules and substantive law will apply. *See T.N.T. Marine*, 702 F.2d at 586-87. In particular, and pertinent to this case, plaintiffs bringing claims under a court's admiralty jurisdiction are not entitled to a jury trial. Fed. R. Civ. P. 38(e); *see T.N.T. Marine*, 702 F.2d at 587. By contrast, OCLSA employs state law as surrogate federal law and, as such, allows for trial by jury. *Apache Corp. v. Global Santa Fe Drilling Co.*, 832 F. Supp. 2d 678, 698 (W.D. La. 2010) (concluding that a right to jury trial exists for OCSLA claims also brought under the court's admiralty jurisdiction where no Rule 9(h) election was made), *aff'd*, 435 F. App'x 322 (5th Cir. 2011); *Solet v. CNG Producing Co.*, 908 F. Supp. 375, 377 (E.D. La.

1995) ("OCSLA affords [plaintiff] a trial by jury because it specifically adopts the law of the adjacent state (Louisiana) as surrogate federal law to the extent that it is not inconsistent with federal law."). The question, then, is whether Ensco's complaint sufficiently identifies its claims, which were brought under both admiralty and OCSLA jurisdiction, as admiralty claims despite not explicitly designating them as such pursuant to Rule 9(h).

In its original complaint, Ensco introduced its claims in this way: "Plaintiff Ensco … files this Original Complaint against Cantium … seeking damages based on Cantium's breach of contracts titled 'Master Offshore Drilling Services Contract, Contract No. CANTMODC459,' … and 'Cantium, LLC and Ensco Offshore, LLC – Valaris 144 Service Order No. CANTMODC459-001.'"[20] Ensco then pleaded jurisdiction as follows:

> 3. This Court has original jurisdiction over this action *as it arises out of a maritime contract governed by federal general maritime law*. 28 U.S.C. § 1331(1) [*sic*].
>
> 4. Additionally, or alternatively, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1333 [*sic*], as the action arises out of the laws of the United States. Specifically, this action arises out of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349(b)(1), because it is asserted in connection with operations conducted on the outer continental shelf involving the exploration, development, or production of the minerals, subsoil, and seabed of the outer continental shelf.
>
> 5. This Court also has supplemental jurisdiction over Ensco's state law claims because they arise from the same set of facts as Ensco's claims over which this Court has original and federal question jurisdiction.[21]

The complaint goes on to describe the parties' contractual and working relationship which included the provision of equipment and services to support offshore drilling on the outer continental shelf.[22] Ensco further alleges that the parties' contract "is governed by and interpreted under

---

[20] R. Doc. 1 at 1.
[21] *Id.* at 1-2 (emphasis added).
[22] *Id.* at 2-4.

5

general maritime law for all matters governed by general maritime law," and by Texas law for all other matters.[23]

In *LeBlanc*, the case upon which Cantium relies, the court held that a plaintiff – who similarly pleaded both admiralty and OCSLA jurisdiction in his complaint but failed to include an express Rule 9(h) election – did not sufficiently designate his claims as admiralty claims as to foreclose the defendant's right to the jury trial it demanded in its answer to the original complaint. According to the *LeBlanc* court, something more was required to identify the plaintiff's claims as admiralty claims since they were asserted, alternatively, as within the court's admiralty jurisdiction and its federal-question jurisdiction under OCSLA. 2015 WL 350285, at *5. But in *T.N.T. Marine*, which the *LeBlanc* court references, the Fifth Circuit held that the complaint's allegations that "[t]his is also a suit for breach of a maritime contract and for maritime tort" and that the suit "is for breach of contract, civil and maritime, and for maritime tort" each constituted a sufficient "simple statement asserting admiralty or maritime claims under the first sentence of Rule 9(h)." 702 F.2d at 587-88. Although *T.N.T. Marine* was decided in the context of overlapping admiralty and diversity jurisdiction, as opposed to overlapping admiralty and OCSLA jurisdiction, such statements are sufficient in OCSLA cases as well.[24]

---

[23] *Id.* at 3.

[24] For example, another section of this court held in *Raffray v. Gulf Logistics, LLC*, 2010 WL 5055849, at *4 (E.D. La. Dec. 2, 2010), that even if it assumed that OCSLA provided one jurisdictional basis for the plaintiff's claim, along with admiralty, and that the plaintiff failed to expressly make the Rule 9(h) designation, there existed overlapping admiralty jurisdiction that rendered maritime law applicable and mandated a non-jury trial. The court reasoned that when general maritime law applies "of its own force," maritime law and admiralty procedures will govern so there is no right to a jury trial. *Id.* at *4-7. (This is not to say, though, that maritime claims can never be heard by a jury. *See Luera v. M/V Alberta*, 635 F.3d 181, 196 (5th Cir. 2011) (explaining that when a plaintiff brings admiralty claims along with non-admiralty claims, the plaintiff may demand a jury trial).)

In a breach-of-contract case, maritime law applies of its own force when the contract sued upon is a maritime contract. To determine whether a contract is a maritime contract, courts ask whether "the contract [is] one to provide services to facilitate the drilling or production of oil and gas on navigable waters," and, if so, whether "the contract provide[s] or … the parties expect that a vessel will play a substantial role in the completion of the contract." *Earnest v. Palfinger Marine USA, Inc.*, 90 F.4th 804, 809 (5th Cir. 2024) (quoting *In re Larry Doiron, Inc.*, 879 F.3d 568, 576 (5th Cir. 2018)). Here, Cantium has not expressly contested that this matter involves a maritime contract, and rightly so, since the contract is one to provide services to facilitate drilling on navigable waters and provides that a jack-up

To be sure, in *Luera*, the Fifth Circuit explained more generally that "in this circuit a plaintiff who asserts admiralty jurisdiction as a basis for the court's subject matter jurisdiction over a claim has automatically elected under Rule 9(h) to proceed under the admiralty rules, even if she states that her claim is also cognizable under diversity *or some other basis of federal subject matter jurisdiction*." 635 F.3d at 189 (emphasis added). The Fifth Circuit thus interprets a plaintiff's assertion of admiralty jurisdiction over a claim as an election to proceed with the claim on the admiralty side of the court, regardless of whether the plaintiff also pleads another basis for jurisdiction.

Here, like the statements held to be sufficient in *T.N.T. Marine* for purposes of Rule 9(h), Ensco's assertion in its complaint that "this action … arises out of a maritime contract governed by federal general maritime law" constitutes a simple statement sufficient to designate its claims as admiralty claims under Rule 9(h), despite its lacking an express reference to Rule 9(h) and despite Ensco's invocation of OCSLA jurisdiction in the alternative. Because Ensco's allegations in its original complaint were sufficient to designate its claims as admiralty claims, Cantium's subsequent jury demand was without effect and must be stricken.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Ensco's motion to strike (R. Doc. 18) is GRANTED.

IT IS FURTHER ORDERED that Cantium's jury demand[25] is STRICKEN.

---

drilling rig, which is a vessel, will play a substantial role in the completion of the contract. *See* R. Docs. 1-1; 1-2; *see also Baloney v. Ensco Offshore Co.*, 570 F. App'x 423, 427 (5th Cir. 2014) (noting that a jack-up rig is a vessel). Thus, under *Raffray*, even if Ensco's complaint did not sufficiently designate its claims as admiralty claims, the parties would likely still not be entitled to a jury trial since maritime law applies "of its own force."

[25] R. Docs. 14 at 25; 23 at 10.

New Orleans, Louisiana, this 25th day of April, 2024.

                                        BARRY W. ASHE
                                        UNITED STATES DISTRICT JUDGE