UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ENSCO OFFSHORE, LLC | CIVIL ACTION |
| VERSUS | NO. 24-371 |
| CANTIUM, LLC | SECTION M (4) |

**ORDER & REASONS**

Before the Court is a motion to stay pending interlocutory appeal filed by defendant Cantium, LLC ("Cantium").[1] Plaintiff Ensco Offshore LLC ("Ensco") responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

**I.   BACKGROUND**

This case concerns a contractual dispute between Ensco, a drilling contractor, and Cantium, an operator of offshore oil-and-gas platforms.[3] The parties entered into a master services contract ("MSC") and one or more service orders to perform certain drilling operations.[4] Ensco filed suit against Cantium, alleging that Cantium failed to pay certain overdue invoices and asserting claims for breach of contract, quantum meruit, and promissory estoppel.[5] Cantium then filed counterclaims against Ensco, alleging that Ensco breached the MSC by failing to adequately perform, resulting in the loss of one of Cantium's wells, and seeking over $28.5 million in consequential damages.[6]

---

[1] R. Doc. 53.
[2] R. Doc. 60.
[3] R. Docs. 1 at 2; 14 at 13.
[4] R. Docs. 1 at 2-3; 14 at 13-14.
[5] R. Doc. 1 at 4-6.
[6] R. Doc. 14 at 13-26.

Ensco moved for partial summary judgment on Cantium's counterclaims, arguing that, under section 15.21 of the MSC, Cantium waived all claims to consequential damages and that section 15.6 restricts Cantium's "sole and exclusive remedy" for a lost or damaged well to redrilling the well at the negotiated redrill rate.[7]  Cantium opposed the motion, arguing that it was premature; that a gross negligence exception to the parties' indemnification obligations in section 15.16 applies to section 15.21, so as to allow Cantium to recover consequential damages resulting from Ensco's gross negligence or willful misconduct; that, alternatively, the MSC is at least ambiguous as to whether section 15.16's gross negligence exception applies to the waiver of consequential damages in section 15.21; and that sections 9.1 and 15.6 are more reasonably read to allow the recovery of damages incurred as a result of Ensco's gross negligence.[8]

On July 25, 2024, the Court granted Ensco's motion for partial summary judgment, dismissing Cantium's counterclaims with prejudice.  The Court found that, under the express provisions of the MSC, Cantium waived all claims for consequential damages, even those arising out of Ensco's gross negligence or willful misconduct, and that Cantium's only remedy for a lost or damaged well was to require Ensco to redrill the well.[9]  Cantium subsequently filed an interlocutory appeal of the Court's order pursuant to 28 U.S.C. § 1292(a)(3)[10] and moved to stay all proceedings in this matter pending a ruling by the Fifth Circuit on its appeal.[11]

---

[7] R. Docs. 37-1 at 6-19; 48 at 2-10.
[8] R. Doc. 42 at 7-12.
[9] R. Doc. 49.
[10] R. Doc. 52.
[11] R. Doc. 53.

## II. PENDING MOTION

Cantium argues that the Court should exercise its discretion to stay this case "to avoid unnecessary and potentially duplicative litigation."[12] In opposition, Ensco argues that this action should not be stayed because Cantium has failed to meet its burden of showing that a stay is warranted.[13]

## III. LAW & ANALYSIS

### A. Legal Standard

A stay is a discretionary remedy to be granted or denied within the sound judgment of the district court. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023). "A stay pending appeal is 'extraordinary relief' for which [movants] bear a 'heavy burden.'" *Plaquemines Par.*, 84 F.4th at 373 (citations omitted). To obtain a stay pending appeal, the movant must show:

1. A likelihood of success on the merits, or, if a serious legal question is involved, a substantial case on the merits and equities weighing heavily in favor of granting the stay;

2. irreparable injury;

3. that the stay will not harm other parties; and

4. that the stay would serve the public interest.

*In re Javier Estrada, Inc.*, 2010 WL 1416778, at *1 (S.D. Tex. Apr. 5, 2010) (citing *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-42 (5th Cir. 2001)). "The first two factors are considered the most important." *Garner v. Pontchartrain Partners, LLC*, 2022 WL 3543169, at *1 (E.D. La. Aug 18, 2022) (citing *Nken*, 556 U.S. at 434).

---

[12] R. Doc. 53-1 at 1.
[13] R. Doc. 60.

### B. Analysis

Cantium asks the Court to exercise its "wide discretion" to grant a stay.[14] But "[t]he fact that the issuance of a stay is left to the court's discretion 'does not mean that no legal standard governs that discretion.'" *Nken*, 556 U.S. at 434 (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005)). Cantium does not satisfy or even address the governing legal standard.

#### 1. Cantium has not demonstrated a likelihood of success on the merits.

Cantium does not attempt to show that it is likely to succeed on appeal. Cantium's memorandum does not include any arguments as to how the Court may have erred in granting Ensco's motion for partial summary judgment. *See Plaquemines Par.*, 84 F.4th at 374 (denying motion to stay pending appeal where "*defendants do not acknowledge the district courts' reasoning*, let alone attempt in good faith to undermine it" (emphasis in original)). Neither does Cantium argue, in the alternative, that a "serious legal question" is involved so that it need only "present a substantial case on the merits … and show that the balance of the equities weighs heavily in favor of granting the stay." *See Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981), *quoted in Plaquemines Par.*, 84 F.4th at 373. Even assuming *arguendo* that Cantium's appeal regarding the interpretation of the MSC raises a "serious legal issue" – which is doubtful, *see Weingarten Realty Invs. v. Miller,* 661 F.3d 904, 910 (5th Cir. 2011) ("Because this is merely a private contractual matter … no substantial legal question is involved.") – the balance of equities does not weigh in favor of a stay, as discussed below.

#### 2. Cantium has not demonstrated irreparable injury.

Cantium does not claim that the "unnecessary and potentially duplicative litigation"[15] it seeks to avoid would cause irreparable injury, but even if it was making this claim, this factor

---

[14] R. Doc. 53-1 at 1.
[15] *Id.*

would not be satisfied, as courts "often do not consider litigation-related burdens … to constitute irreparable harm." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 747 (2023); *see also Plaquemines Par*, 84 F.4th at 375. Because Cantium has offered no argument as to why this case should be an exception to that general rule, this factor does not weigh in favor of a stay.

### 3. Cantium has not demonstrated that a stay would not harm other parties.

Cantium makes no effort to show that a stay would not harm Ensco. In fact, as regards the balance of equities, Ensco argues that it would be harmed by a stay of these proceedings because a stay would delay it from pursuing its claims against Cantium.[16] Thus, because Cantium has not shown a lack of harm to Ensco, this factor does not weigh in favor of a stay either.

### 4. Cantium has not demonstrated that a stay is in the public interest.

Cantium makes no argument that a stay is in the public interest, and the Court does not see how staying proceedings in this private contractual dispute would serve the public interest. Therefore, neither does this factor weigh in favor of a stay.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Cantium's motion to stay pending interlocutory appeal (R. Doc. 53) is DENIED.

New Orleans, Louisiana, this 5th day of September, 2024.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[16] R. Doc. 60 at 3.