UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ENSCO OFFSHORE, LLC                                    CIVIL ACTION

VERSUS                                                NO. 24-371

CANTIUM, LLC                                          SECTION M (4)


## ORDER & REASONS

Before the Court is the motion *in limine* of plaintiff Ensco Offshore, LLC ("Ensco") to exclude evidence of certain costs incurred by defendant Cantium, LLC ("Cantium").[1]  Cantium responds in opposition,[2] and Ensco replies in further support of its motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

## I.    BACKGROUND

This case involves a contractual dispute.  Ensco, a drilling contractor, provides equipment, personnel, supplies, and services for offshore drilling operations.[4]  Cantium owns and operates offshore oil-and-gas platforms.[5]  The parties entered into a master services contract ("MSC") and one or more service orders.[6]  Ensco filed suit against Cantium, alleging that Cantium failed to pay nearly $9 million invoiced for services performed under the MSC and service order, and asserting claims for breach of contract, quantum meruit, and promissory estoppel.[7]  Cantium filed an answer and counterclaim alleging that Ensco breached the MSC by failing to provide adequate equipment,

---

[1] R. Doc. 134.
[2] R. Doc. 135.
[3] R. Doc. 136.
[4] R. Docs. 1 at 2; 35 at 2.
[5] R. Doc. 14 at 13.
[6] R. Docs. 1 at 2; 14 at 13; 35 at 2; 40 at 3-4, 10-11.
[7] R. Doc. 1.

failing to deliver and maintain Ensco's rig in working order, failing to provide qualified personnel, failing to provide competent management and proper financial support, and failing to perform drilling operations in a workmanlike manner.[8]  Cantium's counterclaim sought over $22.8 million in damages for the loss of the well, and over $4.5 million in other costs including "spread costs" – all losses allegedly caused by Ensco's various failures to perform.[9]  On July 25, 2024, the Court granted Ensco's motion for partial summary judgment and dismissed Cantium's counterclaim with prejudice, having found that, under the terms of the MSC, Cantium had waived recovery of consequential damages, including spread costs.[10]  Cantium appealed the dismissal of its counterclaim.[11]

While its motion was pending, Ensco amended its complaint to include an indemnification claim under section 15.22 of the MSC for litigation expenses it incurred in defending against Cantium's counterclaim.[12]  Ensco then moved for summary judgment on all of its claims.[13]  On September 20, 2024, the Court granted summary judgment in favor of Ensco on the indemnification claim, but denied summary judgment as to Ensco's breach-of-contract and equitable claims.[14]  Thereafter, on December 11, 2025, the Fifth Circuit affirmed the dismissal of Cantium's counterclaim.[15]

A bench trial is set to proceed on August 3, 2026, on all remaining claims.  Ensco now moves to exclude any evidence of Cantium's spread costs at trial.

---

[8] R. Doc. 14.
[9] *Id.* at 11-25; R. Doc. 37-1 at 243-46.
[10] R. Doc. 49 at 11.
[11] R. Doc. 52
[12] R. Doc. 35.
[13] R. Doc. 55.
[14] R. Doc. 89.
[15] R. Doc. 130; *Ensco Offshore, L.L.C. v. Cantium, L.L.C.*, 2025 WL 3552768 (5th Cir. Dec. 11, 2025).

## II.    LAW & ANALYSIS

In its motion *in limine*, Ensco argues that evidence of Cantium's spread costs should be excluded because Cantium is not entitled to recover such costs under the MSC, so those costs "can have no bearing on Ensco's entitlement to" recovery.[16]  Cantium maintains that it "does not seek to recover spread costs," but instead "seeks to introduce them as evidence of Ensco's breach of its contractual obligation to properly manage the project, including the operational *consequences* of Ensco's deficient performance."[17]  Ensco responds that, quite as it sounds, Cantium really "seeks to 'recover' its spread costs through the back door" notwithstanding the Fifth Circuit's law of the case "preclud[ing] it from recovering spread costs as *consequential* damages."[18]  After all, says Ensco, "Cantium all but admits its purpose in submitting evidence of its spread costs is to offset amounts owed to Ensco," having previously declared that such evidence "'demonstrates the extent and impact of Ensco's deficient performance.'"[19]

Motions *in limine* are disfavored in bench trials.  *See, e.g.*, *GBSM Serv. & Mgmt. LLC v. RCM 245*, 2025 WL 509440, at *2 (E.D. Tex. Feb. 13, 2025) (explaining that "a motion in limine to exclude evidence in a case tried by the court without a jury has been disapproved on the grounds that it can serve no useful purpose in a nonjury case" (quotation omitted)); *Magee v. Fla. Marine, LLC*, 2024 WL 3457604, at *8 (E.D. La. July 18, 2024) ("[G]iven that the Court is the trier of fact in this litigation, there is no risk of prejudice by admitting the job offer even if it turns out to be irrelevant."); *Rash v. Lafayette Cnty., Miss.*, 2022 WL 983645, at *1 (N.D. Miss. Mar. 30, 2022) (collecting cases).  Thus, while Ensco's position is not without significant force given the law of the case concerning any right of Cantium to recover consequential damages, the Court will not

---

[16] R. Doc. 134-1 at 7-8 (quote at 7).
[17] R. Doc. 135 at 8 (emphasis added).
[18] R. Doc. 136 at 1 (emphasis added).
[19] *Id.* at 3 (quoting R. Doc. 135 at 1).

now preclude Cantium from offering evidence of its spread costs at trial.  However, Cantium may offer such evidence only as it has any tendency to show "that Ensco failed to meet its contractual obligations and that its invoices do not reflect compensable performance."[20]  Evidence of spread costs cannot be offered as some kind of dollar-for-dollar offset to any amounts Ensco may be due under the contract.  The Court reserves to trial, then, any ruling on the admissibility of particular items of such evidence as contemporaneous objections may be lodged at trial.

## III.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Ensco's motion *in limine* (R. Doc. 134) is DENIED.

New Orleans, Louisiana, this 7th day of April, 2026.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[20] R. Doc. 135 at 7.

4